UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Tommy Patterson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 8:18-00956-BHH |
| | ) | |
| vs. | ) | |
| | ) | |
| Melissa Davis, Justin Roach, | ) | |
| Anderson School District Three, | ) | |
| and Starr Athletic Association, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | **OPINION AND ORDER DISMISSING** |
| | ) | **THE COMPLAINT AS AGAINST** |
| Starr Athletic Association, | ) | **DEFENDANTS JUSTIN ROACH AND** |
| | ) | **STARR ATHLETIC ASSOCIATION** |
| Counterclaim Plaintiff, | ) | **FOR FAILURE TO COMPLY WITH** |
| | ) | **COURT ORDERS** |
| vs. | ) | |
| | ) | |
| Brenda Smith, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants Justin Roach and Starr Athletic Association's ("Defendants Roach and Starr") motion to dismiss the complaint for failure to comply with court orders. (ECF No. 51.) For the reasons stated below, the motion is granted and Plaintiff Tommy Patterson's ("Plaintiff") claims against Defendants Roach and Starr are dismissed with prejudice.

## BACKGROUND

On February 13, 2019, Defendants Roach and Starr served various discovery requests on Plaintiff and Counterclaim Defendant Brenda C. Smith ("Ms. Smith"). (*See*

1

ECF No. 51-2.) The discovery requests included an interrogatory that specifically asked for Plaintiff to "[i]dentify every personal bank account and credit card [he] used from January 1, 2012 through December 31, 2016, including the name of the institution with which it is associated and the account number." (*Id.* at 9.) In addition, one request for production specifically requested from Plaintiff "[a]ll personal financial records for [him] from January 1, 2012 through December 31, 2016, including but not limited to bank statements, credit card statements, personal tax returns, applications for credit (including underlying documents) and personal financial statements." (*Id.* at 16.) Substantially similar discovery requests were sent to Ms. Smith. (*Id.* at 26, 33.) The Court is informed that between February 13, 2019 and Defendants Roach and Starr's initial email to this Court on June 5, 2019, counsel for Defendants Roach and Starr contacted Plaintiff's counsel via email five separate times in an effort to obtain responses to the February discovery requests. (*See* ECF No. 51-1 at 2–3.)

Pursuant to the Court's standing instruction regarding the procedure for adjudicating discovery disputes (*see* ECF No. 39 ¶ 4), a conference call was scheduled for June 17, 2019, wherein counsel were able to reach agreement regarding production of the requested discovery. Thereafter, the Court issued the following Order:

> TEXT ORDER directing counsel for Plaintiff Tommy Patterson to: (1) produce to counsel for Defendants Justin Roach and Starr Athletic Association all bank records spanning January 1, 2012 through December 31, 2016 for Mr. Patterson and Counterclaim Defendant Brenda Carol Smith by July 2, 2019, and (2) respond to the remaining discovery requests directed to Mrs. Smith by July 2, 2019. This text order is issued at the agreement of and by the request of counsel, per their communication with the Court. IT IS SO ORDERED.

(ECF No. 41.)

Plaintiff did not serve the court-ordered discovery by July 2, 2019. The Court is informed that counsel for Defendants Roach and Starr contacted Plaintiff's counsel on July 3, 2019 and July 5, 2019, respectively, and reminded him that Plaintiff and Ms. Smith were in direct violation of this Court's Order. (*See* ECF No. 51-1 at 3.) On July 8, 2019, Plaintiff's counsel responded stating that Plaintiff was on a cruise the week of July 4 and was "doing [his] best to comply." (*Id.*) On the same day, counsel for Defendants Roach and Starr replied that if Plaintiff did not comply with this Court's Order by the end of the day on July 9, 2019, then counsel would contact the Court once again. (*Id.*) The July 9, 2019 deadline expired and counsel for Defendants Roach and Starr sent a second email to the Court on July 10, 2019 to inform the Court that Plaintiff was in violation of its Order. (*Id.*) Thereafter, the Court issued the following Order:

> TEXT ORDER directing Plaintiff Tommy Patterson and Counterclaim Defendant Brenda Carol Smith to produce to counsel for Defendants Justin Roach and Starr Athletic Association, no later than close of business, Friday, July 19, 2019, the records and discovery responses ordered by the Court on June 25, 2019. The previously established deadlines for production of such discovery were set by the agreement of the parties, and at the request of counsel. Plaintiff is currently in violation of the Court's order. If the discovery is not produced by the newly established deadline of July 19, 2019, barring unforeseen circumstances, Plaintiff's claims will be dismissed for failure to comply with the Court's orders. Defendants Justin Roach and Starr Athletic Association will be permitted thirty (30) days from the receipt of all of the Court-ordered discovery to file their motion for summary judgment. IT IS SO ORDERED.

(ECF No. 44.)

The Court is informed that Plaintiff is, once again, in violation of the Court's Order. Specifically, while a limited portion of the relevant bank records were produced—and only

some of that limited portion in a timely fashion—the production was deficient in material respects. (*See* ECF No. 51-1 at 5–8.) On July 22, 2019, Defendants Roach and Starr filed the instant motion to dismiss the complaint for failure to comply with Court Orders. (ECF No. 51.) Thereafter, the Court entered the following Order:

> TEXT ORDER shortening the time period in which Plaintiff may respond to Defendants Justin Roach and Starr Athletic Association's Motion to Dismiss. The current deadline in which to respond to Defendants Justin Roach and Starr Athletic Association's motion to dismiss for failure to comply with court orders is August 5, 2019. (See ECF No. 51.) By way of this text order, the response period is shortened to July 30, 2019. Plaintiff will respond to the motion to dismiss for failure to comply with court orders by that date, if at all. IT IS SO ORDERED.

(ECF No. 54.) Plaintiff filed no response to the motion to dismiss by the July 30, 2019 deadline. The Court declines to waste judicial resources by itemizing all of the relevant deficiencies in Plaintiff's production of bank records and answers to interrogatories.

## **DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 41(b), "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In addition,

> [a]s the Supreme Court has recognized, a court has the inherent power to dismiss an action for want of prosecution. Although Rule 41(b) of the Federal Rules of Civil Procedure provides an explicit basis for this sanction, it is not the source of that inherent power. Rather, that judicial power derives from the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. As provided by Rule 41(b), such involuntary dismissals are appropriate when the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. Given the inherent judicial authority to make such dismissals, a court may, in appropriate circumstances, enter such a dismissal sua sponte, even absent advance notice of the possibility of dismissal.

4

*Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019) (internal citations, modifications, and quotation marks omitted). The Fourth Circuit Court of Appeals has identified four criteria that a district court's discretion in dismissing a case under Rule 41(b): "'(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.'" *Id.* (quoting *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)).

The Court finds that these factors weigh in favor of dismissal under the circumstances of this case. First, despite multiple extensions Plaintiff appears to be unwilling to produce a complete set of his bank records. Second, Defendants Roach and Starr cannot defend against Plaintiff's claims of defamation and civil conspiracy arising out of the circumstances of Plaintiff's removal from Starr Athletic Association without a complete set of those bank records. Third, Plaintiff has demonstrated a pattern of proceeding in a dilatory fashion, which history is demonstrated by the proceedings surrounding the discovery dispute in this case. Fourth, a sanction less drastic than dismissal would not be appropriate as there is nothing to suggest that any further orders from this Court will cause Plaintiff to comply with routine discovery practices. Suffice it to say, Plaintiff's discovery responses are materially deficient and prevent the further adjudication of this case in an orderly fashion. (*See* ECF No. 51-1 at 5–8.)

## **CONCLUSION**

For the reasons stated above, Defendants Justin Roach and Starr Athletic Association's motion to dismiss the complaint for failure to comply with court orders (ECF

No. 51) is GRANTED. Accordingly, Plaintiff Tommy Patterson's claims against Defendants Roach and Starr are dismissed with prejudice.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks<br>United States District Judge

July 31, 2019
Charleston, South Carolina